## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY D. PAYNE, individually and on behalf of a collective of others similarly-situated,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>LEHIGH VALLEY RESTAURANT GROUP, INC.,<br><br>　　　　　　　　Defendant. | Case No.: _____<br><br>INDIVIDUAL AND COLLECTIVE ACTION<br><br>**JURY TRIAL DEMANDED**<br><br>*Electronically Filed* |

## COMPLAINT – INDIVIDUAL AND COLLECTIVE ACTION

Plaintiff Kimberly D. Payne, in her individual capacity, and on behalf of a proposed collective of similarly-situated female employees, brings this action to address gender discrimination in employee pay practices perpetrated by Defendant Lehigh Valley Restaurant Group, Inc. in violation of the Equal Pay Act of 1963 ("Equal Pay Act"), 29 U.S.C. § 206, *et seq*. Based on her personal knowledge with regards to Plaintiff and Plaintiff's actions, and on information and belief as to all other matters, Plaintiff alleges as follows:

## THE PARTIES

1.　　Plaintiff Kimberly D. Payne ("Ms. Payne") is an adult female residing in Cumberland County, Pennsylvania. From approximately 2014 until October 2018, Ms. Payne was an "employee" of LVRG, as defined by the Equal Pay Act. From approximately July 2018 until October 2018, Ms. Payne was a salaried Front of House Manager. As a salaried Front of House Manager, Ms. Payne was consistently and systematically paid less than her male peers for the same work. Ms. Payne has executed a Consent to Join form pursuant to 29 U.S.C § 216(b), which is attached and incorporated as **Exhibit A**.

2. Defendant Lehigh Valley Restaurant Group, Inc. ("LVRG") is a Pennsylvania corporation with its principal place of business in Allentown, Pennsylvania. LVRG is a franchisee of Red Robin Gourmet Burgers, Inc. covering the Lehigh Valley, Northeast, Southeast and Harrisburg regions of Pennsylvania. Upon information and belief, LVRG owns and operates twenty-two (22) Red Robin franchise restaurants.

3. At all times relevant to this action, LVRG was an "employer" as defined by the Equal Pay Act. At all times relevant to this action, Defendant LVRG acted as Ms. Payne's employer.

4. Ms. Payne asserts Count I of this Complaint, on behalf of herself individually and a collective action class of similarly-situated female employees, for violations of the Equal Pay Act. Ms. Payne seeks to recover damages for the collective action class and themselves, including, but not limited to, back pay, liquidated damages, reasonable attorneys' fees, and litigation costs.

5. Ms. Payne asserts Count II of this Complaint, on behalf of herself individually, for retaliation in violation of Section 215(a)(3) of the Equal Pay Act. Plaintiff Payne seeks to recover damages, on behalf of herself individually, including, but not limited to, compensatory damages, liquidated damages, punitive damages, reasonable attorneys' fees, and litigation costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this suit pursuant to the Equal Pay Act of and 28 U.S.C. § 1331.

7. Venue is proper in this District pursuant to 28 U.S.C § 1391(b). The unlawful employment practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District. Further, LVRG regularly transacts substantial business within this District.

## FACTUAL ALLEGATIONS

8. Within LVRG's Red Robin restaurants, LVRG maintains strict, centralized control over its employees, which includes hiring and wage decisions. In order to maintain this control, LVRG has a rigid top down, hierarchical corporate structure.

9. At the restaurant level, the salaried Front of House Managers report directly to the restaurant's General Manager.

10. Above the LVRG restaurant level, individual restaurant General Managers report directly to a Regional Manager. Upon information and belief, the approximately five (5) Regional Managers report to LVRG's senior corporate executives.

11. LVRG'S Reginal Managers, in conjunction with LVRG's executive leadership, execute a top down wage policy, which consistently, systematically, and willfully pays female salaried Front of House Managers less than their male colleagues, in the same positions, for the same work.

12. LVRG's deliberate gender discrimination against women manifests itself in the pay rate of salaried Front of House Managers throughout LVRG's restaurants.

13. The wage disparity between female and male salaried Front of House Managers within LVRG's restaurants is based solely on gender.

## PLAINTIFF PAYNE'S EXPERIENCE AS A LVRG EMPLOYEE

14. Ms. Payne first worked at an LVRG Red Robin restaurant in 2014.

15. Between her date of hire and termination in 2018, Ms. Payne worked at LVRG locations in Mechanicsburg, Selinsgrove, York and Lancaster, Pennsylvania.

16. Ms. Payne's last position within LVRG was as a salaried Front of House Manager from approximately July 2018 until her termination on or about October 20, 2018.

17. Prior to being promoted to a salaried Front of House Manager, Ms. Payne worked as an hourly manager in the York, Pennsylvania location.

18. When Ms. Payne was promoted to the salaried Front of House Manager position, she was offered a salary of $42,000, and was able to negotiate a salary of $43,000 per year.

19. Ms. Payne was aware that LVRG at the time was advertising online for salaried Front of House Managers with starting salaries of $50,000, and that males were being hired from outside LVRG with starting salaries of at least $48,000 to $50,000.

20. Ms. Payne was also aware that female salaried Front of House Managers were routinely paid significantly less than their male counterparts. While males were paid a salary of $48,000 to $50,000 per year, females were paid a salary in the range of $43,000 per year.

21. On or about September 19, 2018, Ms. Payne made a complaint at a meeting attended by her Regional Manager regarding the disparity in pay between female Front of House Manager salaries and those of their male counterparts.

22. Rather than address Ms. Payne's concerns about pay disparity, LVRG terminated Ms. Payne's employment on or about October 20, 2018.

23. Ms. Payne was an exemplary employee for LVRG who was consistently and willfully paid less than her male colleagues with the same title performing the same job responsibilities. LVRG had no basis, other than gender, to pay Ms. Payne less than her male colleagues, and no basis, other than her complaint regarding the disparity of pay between female and male Front of House Managers, to terminate her employment. LVRG's actions were deliberate and willful violations of the Equal Pay Act.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE EQUAL PAY ACT

24. LVRG has engaged in systemic gender discrimination against its female employees. LVRG has caused, contributed to, and perpetuated gender-based pay disparities through common policies, practices, and procedures, including but not limited to common compensation and centralized decision-making.

25. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures resulting in unequal pay earned by female employees in LVRG's restaurants.

26. Plaintiff brings this claim for violations of the Equal Pay Act as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all members of the Collective Action Class. The Collective Action Class is defined as follows:

> All female employees who are or have been employed by Defendant Lehigh Valley Restaurant Group, Inc. as salaried Front of House Managers from three (3) years prior to the filing date of this Complaint up until this Collective Action Class is finally certified by the Court.

27. Plaintiff seeks to represent all female Front of House Managers, as described above, who were paid less than male employees for doing similar work. The systemic gender discrimination described in this Complaint has been, and is, continuing in nature.

28. Questions of law and fact common to the Collective Action Class and Plaintiff include but are not limited to the following:

   a. Whether LVRG unlawfully failed and continues to unlawfully fail to compensate female Front of House Managers at a level commensurate with comparable male employees;

    b. Whether LVRG's policy, practice, or procedure of failing to compensate female Front of House Managers at a level commensurate with comparable male employees violates the applicable provisions of the Equal Pay Act; and

    c. Whether LVRG's failure to compensate female Front of House Managers at a level commensurate with comparable male employees was willful within the meaning of the Equal Pay Act.

29. Plaintiff's Equal Pay Act claim may be maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) because Plaintiff is similarly-situated to the female employees described in the Collective Action Class. Plaintiff's claims are similar to the claims asserted by the Collective Action Class.

30. Plaintiff and the Collective Action Class are (a) similarly situated; and (b) are subject to LVRG's common compensation policies, practices and procedures and centralized decision-making resulting in unequal pay based on sex by failing to compensate female Front of House Managers at a level commensurate with male employees who perform substantially equal work and/or hold equivalent levels, job titles, and positions.

## COUNT I
### (INVIDUAL AND COLLECTIVE ACTION CLASS CLAIM)

**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED BY THE EQUAL PAY ACT OF 1963 ("EQUAL PAY ACT"), 29 U.S.C. § 206, *ET SEQ*. DENIAL OF EQUAL PAY FOR EQUAL WORK**
**(Asserted by Plaintiff and the Collective Action Class Against Defendant)**

31. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

32. This Count is brought on behalf of Plaintiff and all members of the Collective Action Class against Defendant Lehigh Valley Restaurant Group, Inc.

33. LVRG is an employer of Plaintiff and the members of the Collective Action Class within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206, *et seq.*, as amended by the Equal Pay Act.

34. LVRG has discriminated against Plaintiff and the members of the Collective Action Class by paying them less than similarly-situated male employees who performed jobs which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

35. Defendant so discriminated against Plaintiff and the members of the Collective Action Class by subjecting them to common discriminatory pay and performance management policies, including discriminatory salaries in violation of the Equal Pay Act.

36. The differential in pay between Plaintiff and the members of the Collective Action Class and similarly-situated male employees was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was, in fact, due exclusively to sex.

37. LVRG caused, attempted to cause, contributed to, and caused the continuation of wage rate discrimination based on sex in violation of the Equal Pay Act.

38. LVRG intentionally paid Plaintiff and the members of the Collective Action Class less than similarly-situated male employees in violation of the Equal Pay Act. The foregoing conduct constitutes a willful violation of the Equal Pay Act within the meaning of 29 U.S.C. § 255(a). Because LVRG has willfully violated the Equal Pay Act, a three (3) year statute of limitations applies to such violations pursuant 29 U.S.C. § 255(a).

39. As a result of LVRG's unlawful conduct, Plaintiff as well as the members of the Collective Action Class suffered and will continue to suffer harm, including, but not limited to, lost earning, lost benefits, lost future employment opportunities, and other financial losses, as well non-economic damages.

40. Plaintiff and the Collective Action Class are entitled to all legal and equitable remedies available for violations of the Equal Pay Act, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF ON COUNT I**

WHEREFORE, Plaintiff, on behalf of herself and the Collective Action Class, prays that this Court:

A. Designate this action as a collective action on behalf of the proposed Collective Action Class and

   a. Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the Collective Action Class, which (1) apprises them of the pendency of this action, and (2) permits them to assert timely Equal Pay Act claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

   b. Toll the statute of limitations on the claims of all members of the Collective Action Class from the date the original complaint was filed until the members of the Collective Action Class are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

B. Designate Plaintiff, Payne as representative of the Collective Action Class;

C. Designate Plaintiff's chosen counsel, McCarthy Weisberg Cummings, P.C., as counsel for the Collective Action Class;

D. Declare and adjudge that Defendant Lehigh Valley Restaurant Group, Inc.'s employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the Equal Pay Act;

E. Award back pay to Plaintiff and the members of the Collective Action Class, including a sum to compensate Plaintiff and the members of the Collective Action Class for any increased tax liability on a lump-sum award of back pay;

F. Award liquidated damages to Plaintiff and the members of the Collective Action Class in the maximum amount available under the Equal Pay Act;

G. Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Plaintiff and the members of the Collective Action Class;

H. Award Plaintiff and the members of the Collective Action Class pre-judgment and post-judgment interest available under the Equal Pay Act;

I. Award Plaintiff and the members of the Collective Action Class any other appropriate equitable relief; and

J. Award any additional relief that this Court deems just and proper.

## COUNT II
## (INVIDUAL CLAIM)

### RETALIATION IN VIOLATION OF 29 U.S.C § 215(a)(3)
### (Asserted by Plaintiff Payne Against Defendant)

41. Plaintiff Payne re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

42. On or about September 19, 2018, Ms. Payne made a complaint regarding the gender-based pay disparity between male and female salaried Front of House Managers of LVRG restaurants at a meeting that was attended by a Regional Manager.

43. Ms. Payne's complaint was the filing of a complaint within the meaning of the FLSA.

44. In retaliation for raising concerns regarding LVRG'S violation of the Equal Pay Act, LVRG terminated Ms. Payne. LVRG'S termination of Ms. Payne was in retaliation for complaining about the gender-based pay disparity between male and female employees in further violation of the FLSA.

45. LVRG'S termination of Ms. Payne after she complained to her superiors regarding a gender-based pay disparity among LVRG restaurant General Managers constituted a willful violation of the anti-retaliation provision of Section 215(a)(3) of the FLSA.

### PRAYER FOR RELIEF ON COUNT II

WHEREFORE, Plaintiff Payne, on behalf of herself individually, prays that this Court:

A. Declare and adjudge that Defendant Lehigh Valley Restaurant Group, Inc.'s employment decisions, policies, practices, and/or procedures challenged herein constitute retaliation in violation of the Equal Pay Act and Section 215(a)(3) of the FLSA;

B. Award Plaintiff Payne compensatory damages;

C. Award Plaintiff Payne liquidated damages in the maximum amount available under the Equal Pay Act;

D. Award Payne punitive damages;

E. Award Plaintiff Payne her reasonable attorneys' fees and litigation expenses;

F. Award Plaintiff Payne pre-judgment and post-judgment interest available under the Equal Pay Act;

G. Award Plaintiff Payne any other appropriate equitable relief; and

H. Award any additional relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: January 3, 2019

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

By: /s/ Larry A. Weisberg
Larry A. Weisberg (PA BAR ID 83410)
Derrek W. Cummings (PA BAR ID 83286)
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
Telephone: (717) 260-3854
Facsimile: (717) 233-8133
Email: lweisberg@weisbergcummings.com
dcummings@weisbergcummings.com

EXHIBIT "A"

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act, 29 U.S.C. § 216(b)

I hereby consent to become a party plaintiff in the forgoing action.

_____
Kimberly Payne

1